# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

TERRI GOMEZ,

        Plaintiff,

vs.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

        Defendants.

2:19-cv-00545-GMN-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] AND AMENDED COMPLAINT [ECF NO. 5]

     Before the Court is pro se Plaintiff Terri Gomez's application to proceed *in forma pauperis* (ECF No. 2) and amended complaint (ECF No. 5). For the reasons discussed below, Plaintiff's *in forma pauperis* application is granted. However, Plaintiff's amended complaint is dismissed without prejudice.

## DISCUSSION

     Plaintiff's filings present two questions: (1) whether she may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether her complaint states a plausible claim for relief.

     **I.**     **Plaintiff's *In Forma Pauperis* Is Granted**

     A plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit demonstrating that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff's application states that she has an income of $1014 every two weeks. (ECF No. 2 at 1). Plaintiff's monthly rent and car payments total $1450. (*Id.* at 2). In addition, she cares for two children, including paying various school fees. (*Id.*). Based on this information, the Court finds that Plaintiff is unable to pay fees in this case. Plaintiff's application to proceed *in forma pauperis* is granted.

1

**II.    Plaintiff's Amended Complaint Fails to State a Claim Upon Which the Court May Grant Relief**

Section 1915 also requires that, should the Court grant an application to proceed *in forma pauperis*, the Court must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

**A. Comparing the Original and Amended Complaint**

Plaintiff filed her original complaint with her *in forma pauperis* application. (ECF No. 2-1). The original complaint provides information about Defendants Misel, Ertman, Mullaney, Perez, and Morse (*Id.* at 2-4); indicates that this is a Title VII case (*Id.* at 4); and states that Plaintiff's claims are based on unequal terms and conditions of employment, retaliation, and discrimination based on race, gender/sex, and national origin (*Id.* at 5). The original complaint then contains a six-page summary of facts from 2018 and 2019, with no headings or other formatting to assist the Court in analyzing the paragraphs. (*Id.* at 6-12). The original complaint attaches a right to sue letter from the EEOC. (*Id.* at 15).

Plaintiff filed an amended complaint on April 8, 2019. (ECF No. 5). The amended complaint does not have the proper caption on the first page as outlined by the Court to Plaintiff. (*Compare* ECF No. 4 at 4 *with* ECF No. 5 at 1). The amended complaint lists seven new Defendants—Nicolas, Burgess, O'Reilly, Perryman, Maidi, Oines, and Rosales. (ECF No. 5 at 1). The amended complaint does not list the original Defendants or provide any information about the new Defendants at the beginning of the complaint. The amended complaint does not cite Title VII, though Plaintiff does indicate she is bringing

claims for discrimination based on race, sex, and disability. (*Id.* at 2). The amended complaint then provides a six-page summary of facts from 2016 to 2019, again without headings or similar formatting. (*Id.* at 2-7). The amended complaint does not mention or attach the right to sue letter from the EEOC or contain a request for relief.

## B. The Amended Complaint Must Be Complete in Itself

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

Plaintiff's original complaint was properly formatted and contained important information like a basic description of the Defendants, a citation to Title VII, and the EEOC right to sue letter. (ECF No. 2-1). These things are not contained in the amended complaint. (ECF No. 5). In addition, the two complaints deal with different Defendants, schools, and time periods. (ECF No. 2-1 6-12; ECF No. 5 at 2-7).

The Court can only evaluate the amended complaint, because it has replaced the original complaint in this case. Because there are allegations and information in the original complaint that are important to this case, the Court dismisses Plaintiff's amended complaint without prejudice. This will give Plaintiff the opportunity to submit a second amended complaint that is properly formatted and contains all of the information at issue in this case.

## C. Plaintiff's Claims are Difficult to Follow

Though "[n]o technical form is required for complaints (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).

In the amended complaint, Plaintiff broadly asserts that she is bringing claims for discrimination on "the basis of race, sex, [and] disability." (ECF No. 5 at 2). Plaintiff then provides a six-page summary of facts from 2016 to 2019, without headings or other helpful formatting. (*Id.* at 2-7). Plaintiff does not connect her factual assertions to any particular statute or claim, nor does Plaintiff state which claims are brought against which Defendants.

The second amended complaint must be clearer regarding which facts and Defendants are at issue in each claim. Instead of summarizing facts from four years in one long list, it would be useful to break up the facts into sections regarding specific claims (such as (1) discrimination based on sex, (2) discrimination based on race, (3) discrimination based on disability,[1] and (4) retaliation), Defendants, locations, and time periods.

The facts as they are now presented are difficult to follow. Without discussing every fact the Court finds to be confusing or ambiguous, the Court will give Plaintiff some guidance. Plaintiff states she "started at Frank Garside JHS," but does not say what she "started" as. (ECF No. 5 at 2). Plaintiff discusses both Frank Garside and UNLV, so references to a "campus" or "program" without further explanation are confusing. (*Id.* at 2-3). Plaintiff uses pronouns such as "he" and "they" without clearly indicating to whom Plaintiff is referring. (*Id.* at 3-4). Plaintiff also fails to define technical terms such as "surplus." (*Id.* at 4-5). Finally, Plaintiff is not always clear as to why certain actions are discriminatory. For example, Plaintiff alleges that she was transferred to a Long Term Behavior Program and she is "taking over for the staff," but she does not explain why this transfer would adversely affect Plaintiff or negatively impact her employment. (*Id.* at 6-7).

Dismissing the amended complaint without prejudice will allow Plaintiff the opportunity to make her allegations clearer.

ACCORDINGLY, and for good cause shown,

---

[1] Title VII does not cover discrimination based on disability, and Plaintiff does not cite any other federal law as a basis for her claims. Plaintiff should consider researching other federal laws that may apply to her claims.

4

1  IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the amended complaint (ECF No. 5).

IT IS FURTHER ORDERED that Plaintiff's amended complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until May 10, 2019 to file a second amended complaint addressing the issues discussed above. Failure to timely file a second amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the second amended complaint. The Court will issue a screening order on the second amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 10th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE