# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TERRI GOMEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, *et al.*,<br><br>    Defendants. | 2:19-cv-00545-GMN-VCF<br><br>**ORDER**<br><br>MOTION FOR ATTORNEY [ECF NO. 3], MOTION TO EXTEND [ECF NO. 8], AND MOTION FOR EXPEDITED RELIEF [ECF NO. 12] |

  Before the Court is pro se Plaintiff Terri Gomez's Motion US Court for an Attorney (ECF No. 3), Motion to Extend Time (ECF No. 8), and Motion requesting expedited relief (ECF No. 12). For the reasons discussed below, Plaintiff's motion for attorney is denied without prejudice, her motion to extend time is granted, and her motion requesting expedited relief is denied.

## MOTION FOR ATTORNEY

  Plaintiff represents that she cannot afford an attorney in this case. (ECF No. 3). She is concerned that "[i]f the US Court…does not appoint an attorney, [her] current employer will use their system to further discriminate against me." (*Id.*).

  Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the Court will appoint counsel for indigent civil litigants only in "exceptional circumstances" taking into account the merits of the case and the party's ability to articulate its claims in light of the case's complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

  The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7). However, Plaintiff's motion for attorney does not discuss whether "exceptional circumstances" are present in this case. Plaintiff does not explain her vague concerns regarding how Defendants would discriminate

1

against her in this case if she does not have an attorney. Because Plaintiff's complaint has not survived the Court's screening process, the Court cannot evaluate the merits of her case. Therefore, the Court denies Plaintiff's motion for attorney at this stage of the case, without prejudice.

**MOTION TO EXTEND TIME**

On April 19, 2019, the Court dismissed Plaintiff's amended complaint without prejudice and gave Plaintiff until May 10, 2019 to file a second amended complaint. (ECF No. 7). On May 8, 2019, Plaintiff filed a motion to extend time to file the second amended complaint. (ECF No. 8). Before the Court could rule on the motion, Plaintiff filed a second amended complaint on May 10, 2019. (ECF No. 9).

Plaintiff has indicated that she may still seek to add new allegations and parties to her complaint. (ECF Nos. 10, 11). Rather than screen the second amended complaint, the Court will grant Plaintiff's motion to extend time. This will allow Plaintiff to make any desired changes to her second amended complaint. Should Plaintiff not file a third amended complaint, the Court will fully screen the second amended complaint.

Though the Court is not currently screening the second amended complaint, the Court will provide guidance to Plaintiff regarding changes that may be made in a third amended complaint. While reading the second amended complaint, the Court noted four main issues and areas of concern.

First, the second amended complaint makes references to Plaintiff's previous complaints. (ECF No. 9 at 10, 11, 23, 45). As the Court has stated (ECF No. 7 at 3), an amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. Should Plaintiff file a third amended complaint, references to Plaintiff's previous complaints must not be relied on.

Second, the second amended complaint does not follow a logical, straight-forward timeline. The facts of the complaint begin in August 2018 and continue through March 2019 (ECF No. 9 at 11-21) before circling back to 2016 and 2017 (*Id.* at 23-40). The complaint ends by describing facts scattered

throughout 2016, 2017, 2018, and 2019. (*Id.* at 41-56). Should Plaintiff file a third amended complaint, a timeline that the Court can follow would be helpful.

Third, the second amended complaint indicates that Plaintiff is attempting to litigate events the Court cannot consider at this time. Plaintiff states, "the EEOC ha[s] not given me all the right to sue letters, nor has [the] Nevada Equal Rights Commission." (ECF No. 9 at 57). "In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff [i]s required to exhaust her administrative remedies…by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002), *citing* 42 U.S.C. § 2000e–5(b). The Court cannot hear claims before Plaintiff has received a notice of right to sue covering the relevant allegations. *See Myers-Desco v. Lowe's HIW, Inc.*, 484 F. App'x 169, 171 (9th Cir. 2012). Should Plaintiff file a third amended complaint, only allegations that are covered by a notice of right to sue letter must be included.

Fourth, the second amended complaint does not sufficiently describe how Defendants' actions are connected to a discriminatory or retaliatory motive covered by Title VII or the Americans with Disabilities Act. The Court will not go through each allegation, but it will provide examples. Plaintiff is clear regarding how some negative actions are based on discrimination or retaliation, such as individuals treating Plaintiff (a Mexican-American) differently than Caucasian co-workers (ECF No. 9 at 12, 21) or an individual retaliating against Plaintiff for reporting possible discrimination (*Id.* at 38). However, Plaintiff also states that an individual retaliated against her because the individual was forced to switch classrooms, which is not protected under Title VII or the Americans with Disabilities Act. (ECF No. 9 at 16). In addition, Plaintiff makes allegations regarding retaliation without stating what the retaliation was based on. (*Id.* at 53). Should Plaintiff file a third amended complaint, alleged negative actions taken against Plaintiff must be linked to discriminatory or retaliatory motives covered by Title VII or the Americans with Disabilities Act.

**MOTION REQUESTING EXPEDITED RELIEF**

Plaintiff requests "expedited relief" (ECF No. 12 at 1), but it is not clear what relief Plaintiff is actually seeking. The motion lists recent negative actions taken against her (*Id.* at 1-3), but does not state how she expects the Court to respond to these actions. Plaintiff does not cite any legal standard to clarify whether she is asking for a quick ruling on the merits of her case, injunctive relief, or some other remedy. Therefore, the Court denies Plaintiff's request for expedited relief.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion US Court for an Attorney (ECF No. 3) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time (ECF No. 8) is GRANTED. Plaintiff has until July 12, 2019 to file a third amended complaint. Should Plaintiff choose not to file a third amended complaint, the Court will screen the second amended complaint.

IT IS FURTHER ORDERED that if a third amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the third amended complaint. The Court will issue a screening order on the third amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that Plaintiff's Motion requesting expedited relief (ECF No. 12) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections

within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 7th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE