# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TERRI GOMEZ,<br><br>   Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, *et al.*,<br><br>   Defendants. | 2:19-cv-00545-GMN-VCF<br><br>**ORDER**<br><br>SECOND AMENDED COMPLAINT SCREENING [ECF NO. 9] |

Before the Court is Plaintiff Terri Gomez's second amended complaint. (ECF No. 9). For the reasons discussed below, Plaintiff's second amended complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff filed an application to proceed *in forma pauperis* and a complaint on April 1, 2019. (ECF No. 2, 2-1). Before the Court had the chance to screen the original complaint, Plaintiff filed an amended complaint on April 19, 2019. (ECF No. 5). The Court granted Plaintiff's *in forma pauperis* application an dismissed her amended complaint without prejudice. (ECF No. 7). The Court noted that the amended complaint was not complete in itself because it did not include many important facts contained in the original complaint. (*Id.* at 2-3). The Court gave Plaintiff until May 10, 2019 to file a second amended complaint. (*Id.* at 5).

On May 8, 2019, Plaintiff filed a motion to extend time to file the second amended complaint. (ECF No. 8). Before the Court could rule on the motion, Plaintiff filed her second amended complaint on May 10, 2019. (ECF No. 9). Plaintiff also filed documents indicating that she would seek to add new allegations and parties to her second amended complaint. (ECF Nos. 10, 11). Rather than screen the second amended complaint, the Court granted Plaintiff's motion to extend time to allow her to make any

desired changes. (ECF No. 13). The Court stated that if Plaintiff did not file a third amended complaint by July 12, 2019, "the Court will fully screen the second amended complaint." (*Id.* at 2, 4). To provide guidance to Plaintiff regarding possible amendments to make in the third amended complaint, the Court noted four major issues with the second amended complaint: (1) it relies on references to the original and first amended complaint, (2) it does not follow a logical timeline, (3) it brings claims apparently outside the Court's jurisdiction, and (4) it does not contain sufficient details of Plaintiff's claims. (*Id.* at 2-3).

Plaintiff did not file a third amended complaint by the Court's deadline. Therefore, the Court now screens the second amended complaint.

## ANALYSIS

Should the Court grant an application to proceed *in forma pauperis*, the Court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if it seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

Though the individuals, incidents, and dates at issue have changed throughout the several versions of the complaint, Plaintiff's case revolves around allegations regarding employment discrimination. (ECF No. 9 at 1). Plaintiff, a teacher, asserts that Clark County School District and its employees have discriminated against Plaintiff based on her race, sex, national origin, and disabilities in violation of Title VII and the Americans with Disabilities Act. (*Id.* at 1-8). The second amended complaint contains 46 pages of allegations regarding the actions of 17 Defendants over the period of approximately three years. (*Id.* at 1-9, 11-56).

Plaintiff submitted one right to sue letter from the EEOC with her original complaint (ECF No. 2-1 at 15), and she has not submitted any additional letters with her subsequent complaints. The right to sue letter was mailed on March 6, 2019. (*Id.*). Several of Plaintiff's allegations in her second amended complaint arose after this date. (ECF No. 9 at 48-54). It is also unclear whether even the allegations arising before March 2019 are covered by the right to sue letter. Plaintiff stated in her second amended complaint that, "the EEOC ha[s] not given me all the right to sue letters, nor has [the] Nevada Equal Rights Commission…I have been filing discrimination complaints since 2016 to [the] present at [the] NERC." (*Id.* at 57).

At the time that the Court initially looked at Plaintiff's second amended complaint, caselaw stated that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), *abrogated by Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843 (2019); *see also Myers-Desco v. Lowe's HIW, Inc.*, 484 F. App'x 169, 171 (9th Cir. 2012). However, on June 3, 2019, the Supreme Court ruled that, "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). "A claim-processing rule may be mandatory in the sense that a court must enforce the rule if a party properly raises it… But an objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point." *Id.* at 1849 (internal quotations omitted).

Failure to exhaust administrative remedies is generally treated as an affirmative defense that a plaintiff does not have to specifically plead in a complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, "[a] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face." *Id.* at 215 (2007) (quoting *Leveto v. Lapina,* 258 F.3d 156, 161 (3d Cir. 2001). That is because "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Id.*

Plaintiff's failure to exhaust her administrative remedies appears on the face of her complaint—she states that, "the EEOC ha[s] not given me all the right to sue letters, nor has [the] Nevada Equal Rights Commission." (ECF No. 9 at 57). Therefore, her complaint is subject to dismissal. However, this deficiency may be cured in a third amended complaint by Plaintiff only including claims based on incidents covered by right to sue letters. In addition, the Court advises Plaintiff to consider making additional amendments to clarify her complaint. (*See* ECF No. 13 at 2-3).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's second amended complaint (ECF No. 9) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until August 19, 2019 to file a third amended complaint. Should Plaintiff not to file a third amended complaint, the Court will recommend that the second amended complaint be dismissed with prejudice and the case be closed.

IT IS FURTHER ORDERED that if a third amended complaint is filed as permitted in this order, the Clerk of the Court is directed NOT to issue summons on the third amended complaint. The Court will issue a screening order on the third amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 19th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE